**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MONSSEF CHENEAU, | No. 15-70636 |
| Petitioner, | Agency No. A077-279-939 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,** District Judge.

Monssef Cheneau petitions this court for review of the determination by the Board of Immigration Appeals ("BIA") that he does not qualify for derivative citizenship and is removable. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(5)(A) and grant the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

We previously held that Cheneau did not qualify for derivative citizenship under the old version of the derivative citizenship statute, 8 U.S.C. § 1432(a), which gave derivative citizenship to "[a] child born outside of the United States of alien parents" who (1) was "residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent" or (2) "thereafter [began] to reside permanently in the United States while under the age of eighteen years." 8 U.S.C. § 1432(a)(5); *see Cheneau v. Barr*, 971 F.3d 965, 968–70 (9th Cir. 2020) (per curiam), *rev'd en banc*, --- F.3d ----, 2021 WL 1916947 (9th Cir. May 13, 2021). According to Cheneau, he satisfied the requirements of the second pathway when he began to reside permanently in the United States prior to turning eighteen, despite not having lawful permanent resident status. *Id.* at 969–70. In rejecting that argument, we were constrained by this court's holding in *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062–63 (9th Cir. 2008), *overruled by Cheneau*, --- F.3d ----, 2021 WL 1916947, which held that both pathways of § 1432(a)(5) required lawful permanent resident status. *Cheneau*, 971 F.3d at 969–70.

An en banc panel of this court has now overruled *Romero-Ruiz* and held "that the phrase 'or thereafter begins to reside permanently in the United States,' 8 U.S.C. § 1432(a)(5), does not require that the child have necessarily been granted lawful permanent residency, although the child must have demonstrated an objective official manifestation of permanent residence." *Cheneau v. Garland*, --- F.3d ----,

2021 WL 1916947, at *2 (9th Cir. May 13, 2021). In its briefing, the government stated that "no genuine issue of material fact exists concerning [Cheneau's] citizenship claim." And at oral argument, the government conceded that "if [the court] reached [Cheneau's] statutory construction argument, and agreed with [Cheneau], . . . there would be no need" to remand for "any factual findings regarding [Cheneau's] derivative citizenship." We thus hold that Cheneau obtained derivative citizenship under 8 U.S.C. § 1432(a)(5) in 2000 when he applied for adjustment of status to lawful permanent resident. *See Cheneau*, 971 F.3d at 969.

As a result, Cheneau is a citizen of the United States. Accordingly, we **GRANT** the petition for review, **VACATE** the BIA's decision, and **REMAND** with instructions to terminate Cheneau's removal proceedings.